# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**In re:**

**CARRIN DENISE JAMES,**   **BANKRUPTCY CASE**
   **NO.: 8:21-bk-00038-MGW**
   **Debtor.**
_____/

**CHRISTINE L. HERENDEEN,**
as Chapter 7 Trustee of the estate of   **CHAPTER 7**
**CARRIN DENISE JAMES,**

   **Plaintiff,**
v.   **ADVERSARY PROCEEDING**
   **NO.:**
**I.C. SYSTEMS, INC.,**

   **Defendant.**
_____/

## COMPLAINT

Plaintiff, Christine L. Herendeen ("Plaintiff"), the Chapter 7 Trustee of the bankruptcy estate of Carrin Denise James ("Debtor"), by and through undersigned counsel, hereby sues I.C. System, Inc. ("Defendant" or "I.C. System"), and states the following:

## PRELIMINARY STATEMENT

1. The Debtor, Carrin Denise James, filed a petition for bankruptcy relief under Chapter 7 on January 7, 2021.

2. Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

1

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the Standing Order of Reference of the United States District Court entered by Hon. Anne C. Conway on February 22, 2012, 6:12-MC-26-ORL-22, Middle District of Florida, referring all bankruptcy matters to the United States Bankruptcy Court for the Middle District of Florida.

**PARTIES**

4. Plaintiff, Christine L. Herendeen, is the Chapter 7 Trustee of the bankruptcy estate of Carrin Denise James.

5. Debtor, Carrin Denise James, is natural person residing in Polk County, Florida, where the causes of action arose, and is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

6. Defendant, I.C. System, is a foreign profit corporation, is headquartered in Minnesota, does business in the State of Florida, and is a "debt collector," as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

7. Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Debtor.

8. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct itself, and allowed them to so act, with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission, and authorization of Defendant.

9. The Defendant's communications, set forth below, were made to exhaust the Debtor's will in an attempt to have the Debtor pay a debt after all necessary information was conveyed and after all attempts and persuasion and negotiation had failed, as demonstrated by Debtor either expressly or impliedly communicating to Defendant to stop calling Debtor.

## FACTUAL ALLEGATIONS

10. Debtor was alleged to owe Defendant a debt (the "Alleged Debt").

11. The Alleged Debt stems from transactions primarily for personal, family, or household purposes, and is therefore a "debt," as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

12. Defendant called Debtor's cellular telephone from approximately the beginning of calendar year 2020 until the filing of Debtor's bankruptcy petition in an attempt to collect on the Alleged Debt.

13. Defendant called Debtor approximately one time per day, three to four days each week.

14. Debtor instructed Defendant to stop calling in an attempt to collect on the Alleged Debt. Moreover, all attempts at negotiations to obtain payment from Debtor had failed after Debtor instructed Defendant to stop calling.

15. Debtor told Defendant that she was unable to pay the Alleged Debt.

16. Indeed, Debtor instructed Defendant to stop calling in an attempt to collect on the Alleged Debt and told Defendant that she was unable to pay the Alleged Debt as soon as the telephone calls began.

17. Nevertheless, Defendant continued to call Debtor on her cellular telephone until the filing of Debtor's bankruptcy petition, despite instructing Defendant to stop calling and telling Defendant that she was unable to pay the Alleged Debt. Moreover, all reasonable efforts at persuasion and negotiation had failed.

18. As described below, Defendant's conduct constitutes violations of the FDCPA and FCCPA because Defendant's continued calls served only to harass and exhaust the Debtor's will into making a payment, and created an appreciable risk of harm.

## COUNT I

## VIOLATION OF THE FDCPA BY DEFENDANT

19. This is an action against Defendant for violation of 15 U.S.C. §1692 *et seq*.

20. Plaintiff re-alleges and reincorporates paragraphs 1 through 18, as if fully set forth herein.

21. The Alleged Debt is a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

22. Defendant uses interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, or Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another, and is therefore a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

23. Defendant, communicated, directly and/or indirectly, certain information to Debtor as set forth above, which constitutes "communication," as defined by 15 U.S.C. § 1692a(2).

24. Through the conduct described above, Defendant violated the following provisions of the FDCPA:

**15 U.S.C. § 1692d**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

25. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

26. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

27. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## **COUNT II**

## **VIOLATION OF § 559.72(7) OF THE FCCPA BY DEFENDANT**

28. This is an action against Defendant for violation of Fla. Stat. § 559.72(7).

29. Plaintiff realleges and incorporates paragraphs 1 through 18, as if fully set forth herein.

30. Defendant communicated, directly and/or indirectly, certain information to Debtor as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

31. Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

32. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

33. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

34. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

35. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

### VIOLATION OF § 559.72(9) OF THE FCCPA BY DEFENDANT

36. This is an action against Defendant for violation of Fla. Stat. § 559.72(9).

37. Plaintiff realleges and incorporates paragraphs 1 through 18, as if fully set forth herein.

38. Defendant communicated, directly and/or indirectly, certain information to Debtor as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

39. Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

40. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

41. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

42. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

43. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE**,** Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

Dated: April 29, 2021	Respectfully Submitted,

**SHRADER LAW, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:    (813) 336-0832

/s/ Brian L. Shrader, Esq.
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@shraderlawfirm.com
**ALEJANDRO J. MENDEZ, ESQ.**
Florida Bar No. 1025247
e-mail: amendez@shraderlawfirm.com
*Attorneys for Plaintiff*